# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CV413-136 |
| | ) | |
| WILLIAM MELLORS et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this insurance coverage-based declaratory judgment action, defendants Joey and Sharon Herren move for leave "to allow an untimely jury demand." Doc. 105. Plaintiff Evanston Insurance Co. opposes, arguing that (1) the Herrens waived their right to a jury trial, and (2) nothing justifies permitting an untimely demand. Doc. 106.

## I. BACKGROUND

Evanston filed its Complaint on June 7, 2013 seeking a declaration that it owes no defense to claims made against defendant William Mellors in a state court action. Doc. 1. The Herrens answered on August 8, 2013 (doc. 14), and defendant Curtis Huffman answered on August 16,

2013. Doc. 15. Neither answer, nor Evanston's Complaint, demanded a jury trial.

The parties' March 14, 2014 status report contemplated a two-day bench trial. Doc. 54 at 9. Six months later, the Court *sua sponte* raised jurisdictional issues and required Evanston to amend its Complaint. Doc. 66. Plaintiff complied on September 24, 2014. Doc. 67. The Herrens again answered and again made no jury demand. Doc. 68. Huffman (doc. 69) and Mellors (doc. 75) also answered the Amended Complaint and likewise demanded no jury. Since then, and throughout discovery (which concluded on July 7, 2014, doc. 55), no party has filed a jury demand.

## II. ANALYSIS

Under Fed. R. Civ. P. 38(b), "[o]n any issue triable of right by a jury . . . a party may demand a jury trial by . . . serving the other parties with a written demand -- which *may* be included in a pleading -- no later than 14 days after the last pleading directed to the issue is served." "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

2

The Herrens unquestionably waived their right to a jury trial[1] by never demanding one within 14 days "after the last pleading directed to the issue [was] served." Fed. R. Civ. P. 38(b), (d). Whether that date is measured from the last filed answer to the original Complaint or the Amended Complaint, it passed long before the Herrens filed the present motion.[2]

Nevertheless, courts can grant untimely requests for jury trials. *See Parrot v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983). Whether to do so requires considering:

> (1) [W]hether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

---

[1] Neither party contends that Evanston's coverage claim is not an issue "triable . . . by a jury."

[2] Evanston argues that the Amended Complaint did not extend the time to make a jury demand because it raised no new issues. Doc. 106 at 4. Although true, *see Mega Life and Health Ins. Co. v. Pieniozek*, 585 F.3d 1399, 1404 (11th Cir. 2009) ("Amendments [to pleadings] not introducing new issues do not renew a party's right to demand a jury trial."), the Herrens came nowhere close to making a timely demand even if it did.

*Synovus Trust Co., N.A. v. Honda Motor Co.*, 223 F.R.D. 699, 701 (M.D. Ga. 2004) (quoting *Parrot*, 707 F.2d at 1267).[3]

A majority of factors weigh in favor of upholding the Herren's waiver. First, Evanston seeks only equitable relief (which juries cannot grant) and presents claims that raise only legal issues (which courts typically decide).[4] *See* doc. 67. Hence, the first *Parrot* factor supports waiver.[5]

Second, granting the Herrens' motion would, if this case makes it to trial, require jury selection, while a bench trial would not. *Synovus Trust Co.*, 223 F.R.D. at 701 (second factor -- disruption of court or adverse party schedules). To the extent that increases the length of trial,

---

[3] "Although the normal practice . . . is to balance all of the factors enumerated above, . . . courts give considerable weight to the movant's excuse for failing to make a timely jury request. . . . [M]ere inadvertence on the movant's part . . . [warrants] refusal to grant" a motion for an untimely jury demand. *Parrot*, 707 F.2d at 1267.

[4] The crux of this case involves contract construction (whether Mellors qualified as an insured under Evanston's policy turns on interpretation of provisions in that policy). And, "'[t]he construction of a contract is a question of law for the courts . . . as is the existence or nonexistence of an ambiguity in a contract.' *Avion Systems, Inc. v. Thompson*, 293 Ga. App. 60, 62–63, 666 S.E.2d 464 (2008)." *Kwok v. Delta Air Lines Inc.*, 994 F. Supp. 2d 1290, 1293 (N.D. Ga.) *aff'd*, 578 F. App'x 898 (11th Cir. 2014). Juries, by contrast, specialize in fact finding, not deciding legal issues. *See Bonds v. Lukima*, 2015 WL 3505643 at *1 (N.D. Ala. June 3, 2015) (factual determinations "are best tried by a jury, rather than by the court").

[5] The Herrens offer only one *conclusory* statement to the contrary. *See* doc. 105-1 at 3 ("This particular case is a case which would normally be tried before a jury.").

4

it could disrupt Evanston's schedule, though only slightly (jury selection rarely takes all that long). Nevertheless, it would not disrupt the Court or Evanston's schedules to a degree that strongly supports denying the Herrens' motion.

Still, there is enough third *Parrot* factor prejudice to Evanston to support ruling against the Herrens here. *Synovus Trust Co.*, 223 F.R.D. at 701. This case has proceeded all the way through discovery and survived summary judgment.[6] Evanston's strategic approach to this litigation that entire time assumed a bench trial. Flipping the script at this late date would require it to try and reorient its past actions to better fit a different fact finder (a jury). That's asking too much.

Finally, the Herrens offer no real excuse for their delay in seeking a jury trial. *Id.* (fifth *Parrot* factor -- reason for movant's tardiness). They claim confusion about who would try this case because of the March 2014 joint status report, but even if that's true, it does nothing to explain why they waited until November 2015 -- after discovery concluded and the Court ruled on summary judgment -- to ask for a jury. They also claim

---

[6] That alone supports denying the Herrens' motion. *Synovus Trust Co.*, 223 F.R.D. at 701 (fourth *Parrot* factor -- length of delay). The last pleading in this case was filed over a year ago and the joint status report the Herrens point to as the genesis of their jury vs. bench trial confusion came in March 2014. *See* doc. 54. All that time passed, yet the Herrens never sought leave to add a jury demand until now.

5

that "the parties have proceeded on the assumption that the case would be tried before a jury," doc. 105-1 at 3, but Evanston certainly disagrees. Doc. 106 ("[T]he parties proceeded on the assumption that the case would *not* be tried before a jury.") (emphasis added). Absent more, the lack of excuse alone suffices to deny the Herrens' motion. *Parrot*, 707 F.2d at 1267.

The Herrens' motion for leave to file an untimely jury demand (doc. 105) therefore is **DENIED**.

**SO ORDERED**, this  30th  day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6